IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLEINDERSON ANDRES
SAYAS PARTIDAS,

Petitioner,

v.

Civil Action No. 2:26-cv-1054

ROBERT GUADIAN, *et al.*,

Respondent.

**FINAL ORDER**

This matter is before the Court on the 28 U.S.C. § 2241 petition of Cleinderson Andres Sayas Partidas ("Petitioner"), a detainee of United States Immigration and Customs Enforcement, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 1. Specifically, Petitioner alleges that his warrantless arrest and current detention without a bond hearing violates the Immigration and Nationality Act ("INA") and his due process rights. *Id.* The matter was referred to the United States Magistrate Judge Douglas E. Miller pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Civil Rules. Dkt. No. 7.

On November 6, 2026, Judge Miller filed a Report and Recommendation recommending that the Court grant the Petition and enter an Order outlining the following:

(1) Petitioner is to be immediately released from custody and thereafter appear for a bond hearing before an Immigration Judge as required by 8 U.S.C. § 1226(a) and *Lopez Garcia v. Guadian*, 190 F.4th 305, 318 (4th Cir. 2026);

(2) Respondents are to provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) and are enjoined from denying Petitioner release on bond on the basis that

he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2);

(3) Pending any decision on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—are enjoined from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

Dkt. No. 12, at 5–6. By copy of the report, the parties were advised of the right to file written objections to the findings and recommendations made by Judge Miller, *id.* at 6. On November 9, 2026, Petitioner filed written objections only to the relief proposed in the Report and Recommendation, arguing that because his arrest was "unlawful at the outset, and because Respondents have not since provided a lawful basis for his detention, immediate release is warranted *without* the requirement that [Petitioner] also appear for a post-deprivation custody redetermination hearing." Dkt. No. 13, at 1 (emphasis in original). Respondents did not file a response to Petitioner's Objections.

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of a specific written objection, the Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The Court has reviewed the record and considered the objections filed by Petitioner. The Court makes the following *de novo* findings with respect to the portions of the Report and Recommendation to which the Petitioner objected. The Report and Recommendation is not adopted to the extent it recommends that Petitioner also appear for a post-deprivation custody redetermination hearing. *See* Dkt. No. 12, at 5. The Court agrees that because Petitioner's arrest was unlawful at the outset, a bond hearing is not appropriate. The Court otherwise adopts the other findings and recommendations set forth in the Report and Recommendation.

It is therefore **ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody. Respondents are **DIRECTED** to file a status report **within twenty-four (24) hours** of this Order being docketed confirming the date and time Petitioner was released.

Petitioner must live at a fixed address and must provide that address to Respondents upon his release.

Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is DIRECTED to send a copy of this Order to Petitioner at his address of record and all counsel of record.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: November 25, 2026